Revised 03/06 WDNY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

FORM TO BE USED IN FILING A *AMENDED* COMPLAINT
UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983  /2 cv 0736 F
(Prisoner Complaint Form)

All material filed in this Court is now available via the **INTERNET**. See **Pro Se Privacy Notice** for further information.

### 1. CAPTION OF ACTION

A.   **Full Name And Prisoner Number of Plaintiff: NOTE**: *If more than one plaintiff files this action and seeks in forma pauperis status, **each** plaintiff must submit an in forma pauperis application and a signed Authorization or the only plaintiff to be considered will be the plaintiff who filed an application and Authorization.*

1. Gregory V. Brown, DIN: 08A1076

2. _____  note: Plaintiff unconditionally released 4/22/2011 and requests only <u>name</u> in docket

-VS-

B.   **Full Name(s) of Defendant(s) NOTE**: *Pursuant to Fed.R.Civ.P. 10(a), the names of all parties must appear in the caption. The court may not consider a claim against anyone not identified in this section as a defendant. If you have more than six defendants, you may continue this section on another sheet of paper if you indicate below that you have done so.*

1. Eric T. Wagner            4. Paul Chappius
2. Edward G. Hulton, Jr.     5. Deanna J. Carhart
3. Michael Kalinowski        6. _____

### 2. STATEMENT OF JURISDICTION

This is a civil action seeking relief and/or damages to defend and protect the rights guaranteed by the Constitution of the United States. This action is brought pursuant to 42 U.S.C. § 1983. The Court has jurisdiction over the action pursuant to 28 U.S.C. §§ 1331, 1343(3) and (4), and 2201.

[FILED SEP 24 2012 MICHAEL J. ROEMER, WESTERN DISTRICT OF NY stamp]

### 3. PARTIES TO THIS ACTION

**PLAINTIFF'S INFORMATION** NOTE: *To list additional plaintiffs, use this format on another sheet of paper.*

Name and Prisoner Number of Plaintiff: Gregory V. Brown, DIN: 08A1076
Present Place of Confinement & Address: plaintiff unconditionally released 4/22/2011

_____

Name and Prisoner Number of Plaintiff: _____
Present Place of Confinement & Address: _____

**DEFENDANT'S INFORMATION** NOTE: *To provide information about more defendants than there is room for here, use this format on another sheet of paper.*

Name of Defendant: __Eric T. Wagner__

(If applicable) Official Position of Defendant: __"correctional officer"__

(If applicable) Defendant is Sued in __x__ Individual and/or __x__ Official Capacity

Address of Defendant: __Attica CF, 639 Exchange Street, Attica, NY  14011__


Name of Defendant: __Edward G. Hulton, Jr.__

(If applicable) Official Position of Defendant: __"correctional officer"__

(If applicable) Defendant is Sued in __x__ Individual and/or __x__ Official Capacity

Address of Defendant: __Attica CF, 639 Exchange Street, Attica, NY  14011__


Name of Defendant: __Michael Kalinowski__

(If applicable) Official Position of Defendant: __"correctional sergeant"__

(If applicable) Defendant is Sued in __x__ Individual and/or __x__ Official Capacity

Address of Defendant: __Attica CF, 639 Exchange Street, Attica, NY  14011__


see attached supplement of defendants

## 4. PREVIOUS LAWSUITS IN STATE AND FEDERAL COURT

A.   Have you begun any other lawsuits in **state or federal court** dealing with **the same facts involved in this action**?
     Yes __x__   No ____

If Yes, complete the next section. NOTE: *If you have brought more than one lawsuit dealing with the same facts as this action, use this format to describe the other action(s) on another sheet of paper.*

1.   Name(s) of the parties to this other lawsuit:

     Plaintiff(s): __Gregory V. Brown__

     Defendant(s): __same as above__


2.   Court (if federal court, name the district; if state court, name the county): _____
     __New York State Court of Claims, Rochester, Monroe County__

3.   Docket or Index Number: __120151, 119416 & 120024__

4.   Name of Judge to whom case was assigned: __Hon. Reneé Forgensi Minarik__
     Note: all claims withdrawn on motion of plaintiff 8/13/2012, confirmed by court by letter dtd 8/29/2012/(585)-987-4212

2

5. The approximate date the action was filed: __2011__

6. What was the disposition of the case?

    Is it still pending? Yes____ No _x_

    If not, give the approximate date it was resolved. __withdrawn 8/2012__

    Disposition (check the statements which apply):

    _x_ Dismissed (check the box which indicates why it was dismissed):

        ____ By court *sua sponte* as frivolous, malicious or for failing to state a claim upon which relief can be granted;

        ____ By court for failure to exhaust administrative remedies;

        ____ By court for failure to prosecute, pay filing fee or otherwise respond to a court order;

        _x_ By court due to your voluntary withdrawal of claim;

    ____ Judgment upon motion or after trial entered for

        ____ plaintiff

        ____ defendant.

B. Have you begun **any other lawsuits** in **federal court** which **relate to your imprisonment**?

    Yes _x_ No____

If Yes, complete the next section. NOTE: *If you have brought more than one other lawsuit dealing with your imprisonment, use this same format to describe the other action(s) on another sheet of paper.*

1. Name(s) of the parties to this other lawsuit:

    Plaintiff(s): __Gregory V. Brown__

    Defendant(s): __Michael J. O'Hare, Kelly M. Bedore, David J. Norcross, Linda L. Guerin.__

2. District Court: __NDNY__

3. Docket Number: __9:12-cv-0042(GTS)(TWD)__

4. Name of District or Magistrate Judge to whom case was assigned: __Magistrate Judge Thérèse Wiley Dancks__

5. The approximate date the action was filed: __1/10/2012__

6. What was the disposition of the case?

    Is it still pending? Yes _x_ No____

    If not, give the approximate date it was resolved. _____

Disposition (check the statements which apply):

____ <u>Dismissed</u> (check the box which indicates why it was dismissed):

    ____ By court *sua sponte* as frivolous, malicious or for failing to state a claim upon which relief can be granted;

    ____ By court for failure to exhaust administrative remedies;

    ____ By court for failure to prosecute, pay filing fee or otherwise respond to a court order;

    ____ By court due to your voluntary withdrawal of claim;

____ <u>Judgment</u> upon motion or after trial entered for

    ____ plaintiff

    ____ defendant.

---

## 5. STATEMENT OF CLAIM

For your information, the following is a list of some of the most frequently raised grounds for relief in proceedings under 42 U.S.C. § 1983. (This list does not include **all** possible claims.)

- Religion
- Free Speech
- Due Process
- Equal Protection
- Access to the Courts
- False Arrest
- Excessive Force
- Failure to Protect
- Search & Seizure
- Malicious Prosecution
- Denial of Medical Treatment
- Right to Counsel

**Please note that** it is not enough to just list the ground(s) for your action. You **must** include a statement of the facts which you believe support each of your claims. In other words, tell the story of what happened to you but do not use legal jargon.

**Fed.R.Civ.P. 8(a)** states that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "The function of pleadings under the Federal Rules is to give fair notice of the claim asserted. Fair notice is that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so it may be assigned the proper form of trial." <u>Simmons v. Abruzzo</u>, 49 F.3d 83, 86 (2d Cir. 1995). **Fed.R.Civ.P. 10(b)** states that "[a]ll averments of claim ... shall be made in numbered paragraphs, the contents of each of which shall be limited as far a practicable to a single set of circumstances."

---

### Exhaustion of Administrative Remedies

Note that according to **42 U.S.C. § 1997e(a)**, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prison er confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

You must <u>provide</u> <u>information</u> about the extent of your efforts to grieve, appeal, or otherwise exhaust your administrative remedies, and you must <u>attach</u> <u>copies</u> of any decisions or other documents which indicate that you have exhausted your remedies for <u>each</u> claim you assert in this action.

4

## SUPPLEMENT TO # 3: ADDITIONAL DEFENDANTS

Name of Defendant:  Paul Chappius

Official Position of Defendant:  "correctional" Deputy Superintendent of Security

Defendant is Sued in   x Individual and     x Official Capacity

Address of Defendant:  Attica CF, 639 Exchange Street, Attica, NY 14011

Name of Defendant:  Deanna J. Carhart

Official Position of Defendant:  "correctional officer"

Defendant is Sued in   x Individual and     x Official Capacity

Address of Defendant:  Attica CF, 639 Exchange Street, Attica, NY 14011

**A. FIRST CLAIM:** On (date of the incident) __December 5, 2010__,
defendant (give the **name and position held** of **each defendant** involved in this incident) __Eric T. Wagner, "corr-officer" and Edward G. Hulton, Jr. "correctional officer."__

did the following to me (briefly state what each defendant named above did): __coordinated and facilitated the arson of Plaintiff's legal records by an inmate known to Plaintiff only as "Petey." Defendants Wagner and Hulton then caused Plaintiff to stand in a position vulnerable to physical attack and, coordinating with the same inmate to assault Plaintiff, facilitated such assault, which lacerated Plaintiff's scalp and rendered him unconscious, necessitating his treatment at Warsaw County Community Hospital. Plaintiff misidentified defen-Hulton as his assailant when, as revealed to Plaintiff since by a third party, this inmate assaulted him.__

The constitutional basis for this claim under 42 U.S.C. § 1983 is: __violation of First, Fifth, Eighth and Fourteenth Amendments of the United States Constitution.__

The relief I am seeking for this claim is (briefly state the relief sought): __$100,000 in compensatory damages, $1,000,000 in punitive damages__

**Exhaustion of Your Administrative Remedies for this Claim:**

Did you grieve or appeal this claim? __x__ Yes _____ No   If yes, what was the result? __denied__

Did you appeal that decision? __x__ Yes _____ No   If yes, what was the result? __affirmed__

*Attach copies of any documents that indicate that you have exhausted this claim.*

If you did not exhaust your administrative remedies, state why you did not do so: _____

**A. SECOND CLAIM:** On (date of the incident) __December 14, 2010__,
defendant (give the **name and position held** of **each defendant** involved in this incident) __Paul Chappius, correctional Deputy Superintendent of Security__

5

did the following to me (briefly state what each defendant named above did): <u>unlawfully withheld 12 months of "Stat-utory Good Time" on the pretense that Plaintiff "need(ed)" a "program" for which he was never scheduled, something over which Plaintiff had no control, in violation of NYS Correction Law 803(1)(a); Chappius' action was in retaliation for Plaintiff's grievance cited on page 5 herein and caused Plaintiff to remain in custody until April 22, 2011.</u>

The constitutional basis for this claim under 42 U.S.C. § 1983 is: <u>violation of First, Eighth and Fourteenth Amendments of the United States Constitution.</u>

The relief I am seeking for this claim is (briefly state the relief sought): <u>$100,000 in compensatory damages and $1,000,000 in punitive damages</u>

**Exhaustion of Your Administrative Remedies for this Claim:**

Did you grieve or appeal this claim? _____ Yes __x__ No   If yes, what was the result? _____

Did you appeal that decision? _____ Yes _____ No   If yes, what was the result? _____

*Attach copies of any documents that indicate that you have exhausted this claim.*

If you did not exhaust your administrative remedies, state why you did not do so: <u>this is not a grievable issue but I did appeal to then-DOCS Commissioner, affirmed by Donald Selsky.</u>

**If you have additional claims, use the above format and set them out on additional sheets of paper.**

**6. RELIEF SOUGHT**

*Summarize the relief requested by you in each statement of claim above.*

$201,000.00 in compensatory damages, 2,500,000.00 in punitive damages

Do you want a jury trial? Yes _x_ No ____

6

## THIRD CLAIM

On February 21, 2011, defendant Deanna J. Carhart, "correctional officer, in retaliation for grievances filed against her by Plaintiff on February 1st and/or February 15, 2011, alleging malfeasance by her, falsely alleged Plaintiff offended and assaulted her to prompt his housing relocation and personally stole or caused the theft and/or destruction of Plaintiff's legal records and personal papers.

The constitutional basis for this claim under 42 U.S.C. 1983 is: violation of First and Fourteenth Amendments of the United States Constitution.

The relief I am seeking for this claim is: $1,000 in compensatory damages and $500,000 in punitive damages.

Property loss is NOT a grievable issue in DOCS but I did file a facility property claim, which was denied and appealed that decision, which was affirmed.

**I declare under penalty of perjury that the foregoing is true and correct.**

Executed on _____21 SEPTEMBER 2012_____
(date)

**NOTE:** **Each** *plaintiff must sign this complaint and must also sign all subsequent papers filed with the Court.*

*[signature: Gregory V. Brown]*
Signature(s) of Plaintiff(s)

Gregory V. Brown
251 State Street
Albany, NY 12210
xlieutenantusa@yahoo.com

7